**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| José Rafael Benítez-Pons,<br><br>Plaintiff,<br><br>v.<br><br>Fideicomiso de Conservación de Puerto Rico<br><br>Defendant. | **Civil No. 22-01256(GMM)** |

<u>**OPINION AND ORDER**</u>

Pending before the Court is the Fideicomiso de Conservación de Puerto Rico's ("Defendant" or "Fideicomiso") *Motion for Summary Judgment* ("Motion for Summary Judgment"). (Docket No. 34). For the reasons stated below, the Court **GRANTS** the Motion for Summary Judgment.

**I. PROCEDURAL BACKGROUND**

On June 3, 2022, Plaintiff José Rafael Benítez-Pons ("Plaintiff") filed a Complaint seeking: (1) a judgment to declare Deed No. 83 of November 20, 2013, entitled "Establishment and Bestowal of Conservation" ("Deed No. 83"), radically null and/or void; and (2) damages. (Docket No. 34-2). In 2013, Plaintiff executed a deed constituting a perpetual land conservation easement in favor of the Fideicomiso over Plaintiff's real property located in Fajardo, Puerto Rico. (Docket No. 1 ¶ 4). Plaintiff alleges that Defendant fraudulently induced him into executing the deed by misrepresenting that he would be entitled to receive around

Civil No. 22-01256(GMM)
Page -2-

$750,000.00 in tax credits pursuant to Act No. 183 of December 27, 2001, as amended, known as the "Law of Conservation Easements," 12 L.P.R.A. §§ 785-785 ("Act No. 183"). (Id.). Defendant supposedly made such representations to Plaintiff, whilst allegedly secretly knowing that the property would not qualify for such incentives because it was a commercial property and was encumbered by a mortgage. (Docket No. 1 at 1).

On July 20, 2022, Defendant filed a *Motion to Dismiss Pursuant to Fed.R.Civ. P. 12(B)(6)* ("Motion to Dismiss"). (Docket No. 8). On February 6, 2023, the Court issued a *Memorandum and Order* denying the Motion to Dismiss. (Docket No. 19). The Court held that given that Deed No. 83 was signed in 2013 and the action was filed in 2022, the action based on substantial *dolus* was untimely. (Id. at 3). As such, the Court decreed that "the contract annulment claim premised on lack of consent due to substantial *dolus* at the contracting phase, is time-barred." (Id. at 4). As to Plaintiff's claim that Defendant committed fraud in the performance of its obligations and executed several maneuvers to avoid fulfillment of those obligations by hiding its goal for several years, the Court ruled as follows:

> Assuming [P]laintiff adequately raised this claim in the complaint, it would not survive dismissal. The [C]omplaint states that after six years of failed attempts to obtain the full amount of the promised tax credits, it became obvious to [P]laintiff that the property does not qualify for the credits, because following years of intense work with his lawyers, the

Civil No. 22-01256(GMM)
Page -3-

> Puerto Rico Treasury Department kept rejecting the
> transaction, this, given that the property did not
> adjust to or comply with the requirements set forth
> by law and regulation to obtain those benefits (Docket No.
> 1, ¶¶ 12, 17). From this description, plaintiff should
> not have waited until 2022 to initiate the action.

(Id. at Footnote 7). In addition, the Court found that Plaintiff's

remaining claim, the radical nullity claim, premised on Deed No.

83's alleged lack of legal cause or consideration, is not time-

barred. To that extent, the Court stated:

> Plaintiff alleges that the property did not qualify for
> the tax credits contemplated in Deed No. 83 because as
> an ongoing business concern mortgaged by commercial
> loans, it did not comply with the requirements set forth
> by law and regulation to obtain those credits. If so, it
> could not have legally sustained the agreement here, for
> there would have been no legal cause or consideration.
> Under those circumstances, the contract would be null
> and void *ab initio*.

(Id. at 4-5).

On August 23, 2023, Defendant filed its Motion for Summary

Judgment, accompanied by a *Statement of Uncontested Material Facts

in Support of Motion for Summary Judgment* ("Defendant's Statement

of Uncontested Facts"). (Docket Nos. 34 and 34-1). Defendant argues

that "Plaintiff's remaining claim revolves exclusively around an

issue of law, that is, whether the perpetual easement granted in

favor of Plaintiff by way of Deed No. 83 had legal cause or

consideration. . ." (Docket No. 34 at 2). As such, Defendant claims

that the Court need only consider Deed No. 83's clear and

unambiguous language and not extrinsic factual evidence on the

parties' intent. (Id.). Defendant reasons that "Deed No. 83's actual consideration is the preservation and protection of Finca Gulin's natural and environmental resources and not the obtention of the tax credits established in [Act No. 183]". (Id. at 7). In addition, Defendant argues that "even assuming arguendo that the contract's consideration was the obtention of these tax credits, the applicable law at the time Deed No. 83 was executed did not prohibit donors of mortgaged property from receiving these tax credits." (Id.).

On August 24, 2023, Plaintiff filed his *Motion Submitting Statement Under Penalty of Perjury Pursuant to Fed.R.Civ.P. 56(d) in Support of Docket #37* ("Rule 56(d) Motion"), requesting that this Court stay consideration of Defendant's Motion for Summary Judgment since Defendant allegedly barred him from conducting discovery. (Docket No. 40 at 3, ¶ 6). On September 6, 2023, the Court issued a *Memorandum and Order* denying the Rule 56(d) Motion. (Docket No. 43).

On October 17, 2023, Plaintiff filed his *Opposition to Defendant's Motion for Summary Judgment Dkt. #34*, accompanied by *Plaintiff's Reply to "Statement of Uncontested Facts…" [Dkt. #34-1] and Separate Statement of Material Facts* ("Plaintiff's Statement of Uncontested Facts") (Docket Nos. 51 and 51-1). Plaintiff posits that Defendant's Motion for Summary Judgment is misguided since his radical nullity claim is premised not on Deed

Civil No. 22-01256(GMM)
Page -5-

No. 83's lack of legal consideration but on "Mr. Benítez Pons'
lack of consent when he agreed to the obligation, as well as lack
of consideration in the contractual transaction." (Docket No. 51
at 14). Particularly, Plaintiff contends that he agreed to the
creation of the easement in Defendant's favor "only after being
'convinced' by the Fideicomiso that his property qualified under
the 'Puerto Rico Conservation Easement Act' for tax credits in
exchange for the creation of a 'perpetual conservation easement'
in Fideicomiso's favor." (Id. at 17). In addition, Plaintiff
alleges that Deed No. 83's "cause is the receipt of the tax
credits." (Id. at 22). Therefore, he claims that Deed No. 83's
cause is illicit since the property did not qualify for the tax
credits under the Puerto Rico Conservation Easement Act. (Id.).

On October 27, 2023, Defendant filed its *Reply to Plaintiff's
Opposition to Defendant's Motion for Summary Judgment* and
*Defendant's Response to Plaintiff's Separate Statement of
Uncontested Material Facts*. (Docket No. 54).

## II. SUMMARY JUDGMENT STANDARD

A.  Fed. R. Civ. P. 56

Federal Rules of Civil Procedure Rule 56 governs motions for
summary judgment. "The court shall grant summary judgment if the
movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a). There is a genuine dispute in a material

fact "if the evidence 'is such that a reasonable jury could resolve the point in favor of the non-moving party.'" Taite v. Bridgewater State University, Board of Trustees, 999 F.3d 86, 93 (1st Cir. 2021) (quoting Ellis v. Fidelity Management Trust Company, 883 F.3d 1, 7 (1st Cir. 2018)). In turn, a fact is material "if it 'has the potential of affecting the outcome of the case.'" Id. (quoting Pérez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 25 (1st Cir. 2011)). In making its determination, the Court will look to "the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits. . ." Johnson v. University of Puerto Rico, 714 F.3d 48, 52 (1st Cir. 2013) (citing Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008)).

The party moving for summary judgment "bears the initial burden of showing that no genuine issue of material fact exists." Feliciano-Muñoz v. Rebarber-Ocasio, 970 F.3d 52, 62 (1st Cir. 2020) (citation omitted). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)).

"The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a

Civil No. 22-01256(GMM)
Page -7-

trial worthy issue persists." <u>Iverson v. City of Boston</u>, 452 F.3d 94, 98 (1st Cir. 2006). However, it "cannot merely 'rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the evidence of an authentic dispute.'" <u>Feliciano-Muñoz</u>, 970 F.3d at 62 (*quoting* <u>McCarthy v. Nw. Airlines, Inc.</u>, 56 F.3d 313, 315 (1st Cir. 1995)).

Indeed, the non-movant is required to "present definite, competent evidence to rebut the motion." <u>Martínez-Rodríguez v. Guevara</u>, 597 F.3d 414, 419 (1st Cir. 2010) (*quoting* <u>Vineberg v. Bissonnette</u>, 548 F.3d 50, 56 (1st Cir. 2008)). The nonmovant similarly cannot rely on "conclusory allegations, improbable inferences, and unsupported speculation" to defeat summary judgment. <u>River Farm Realty Tr. v. Farm Family Cas. Ins. Co.</u>, 943 F.3d 27, 41 (1st Cir. 2019) (citation and quotation marks omitted).

The Court must "draw [] all reasonable inferences in favor of the non-moving party while ignoring conclusory allegations, improbable inferences, and unsupported speculation." <u>Smith v. Jenkins</u>, 732 F.3d 51, 76 (1st Cir. 2013). The Court cannot assess the credibility or weight of the evidence presented. *See* <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 135 (2000) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Facts which are properly supported "shall be deemed admitted unless properly controverted"

Civil No. 22-01256(GMM)
Page -8-

and the Court is free to ignore such facts that are not properly supported. Rodríguez-Severino v. UTC Aerospace Sys., No. 20-1901, 2022 WL 15234457, at *5 (1st Cir. Oct. 27, 2022).

There are restrictions on what evidence a court may consider in ruling on a motion for summary judgment. "[I]n collecting a record for summary judgment a district court must sift out non-English materials, and parties should submit only English-language materials." Estades-Negroni v. Assocs. Corp. of N. Am., 359 F.3d 1, 2 (1st Cir. 2004) (*citing* United States v. Rivera-Rosario, 300 F.3d 1, 6 (1st Cir. 2002)). Furthermore, "[i]t is black-letter law that hearsay evidence cannot be considered on summary judgment." Davila v. Corp. De P.R. Para La Difusion Publica, 498 F.3d 9, 17 (1st Cir. 2007); *see* Fed. R. Civ. P. 56(e) (requiring parties to properly support an assertion of fact); Nor-Dec, Inc. v. Viracon, Inc., 781 F. Supp. 2d 38, 42 (D.P.R. 2010)(*citing* Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir.1990))("[h]earsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.")

B.   Local Civ. R. 56

In this District, summary judgment is also governed by Local Rule 56. *See* Local Civ. R. 56. Per this rule, the non-movant must "admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." Local Civ. R. 56(c). If the

Civil No. 22-01256(GMM)
Page -9-

fact is not admitted, "the opposing statement shall support each denial or qualification by a record citation. . ." Id. In its opposing statement, the non-movant can include additional facts supported by record citations. *See* id. In turn, the movant "shall submit with its reply a separate, short, and concise statement of material facts, which shall be limited to any additional fact submitted by the opposing party." Local Civ. R. 56(d). In its statement, the movant shall admit, deny, or qualify those additional facts. *See* id. Any denial and qualification that the movant raises must be supported by a record citation. *See* id.

Failure to comply with Local Rule 56(c) allows the Court to accept the opposing party's proposed facts as stated. *See* López-Hernández v. Terumo Puerto Rico LLC, 64 F.4th 22, 26 (1st Cir. 2023); *see also* Natal Pérez v. Oriental Bank & Trust, 291 F.Supp.3d 215, 219 (D.P.R. 2018) ("If a party improperly controverts the facts, Local Rule 56 allows the Court to treat the opposing party's facts as uncontroverted."). Litigants ignore Local Rule 56(c) at their peril. *See* López-Hernández, 64 F.4th at 26.

### III. UNCONTESTED FACTS

The Court examined Defendant's Statement of Uncontested Material Facts (Docket No. 34-1) and Plaintiff's Statement of Uncontested Facts (Docket Nos. 51 and 51-1). The Court only credits material facts properly supported by a record citation and has not considered documents submitted in the Spanish language. *See* Local

Civil No. 22-01256(GMM)
Page -10-

Rule 5(c); <u>Puerto Ricans for Puerto Rico Party v. Dalmau</u>, 544 F.3d
58, 67 (1st Cir. 2008); <u>Estades-Negroni v. Assocs. Corp. of N.
Am.</u>, 359 F.3d 1, 2 (1st Cir. 2004) *citing* <u>United States v. Rivera-
Rosario</u>, 300 F.3d 1, 6 (1st Cir. 2002).

Accordingly, the Court makes the following findings of fact:

1.   Plaintiff is the owner of "Finca Gulin", a plot of
     land consisting of 25.15 "cuerdas", where until
     2020 he operated a commercial property known as "El
     Hotelito, a Rainforest Experience", an "eco-hotel"
     consisting of 7 rooms and a separate 2-bedroom
     apartment. (Docket Nos. 34-1 ¶ 15; 51-1 at 3 ¶ 1;
     51-2 ¶ 2).

2.   On November 20, 2013, Plaintiff and Defendant
     executed Deed No. 83 "Establishing and Bestowal of
     Conservation Easement" over "Finca Guilin" and in
     Fideicomiso's favor, pursuant to the provisions of
     Act No. 183. (Docket Nos. 34-1 ¶ 13; 34-2; 51-1 at
     4 ¶ 2).

3.   In Deed No. 83, Fideicomiso represented itself as
     "duly authorized and qualified to be the holder of
     a Conservation Easement", in accordance with the
     provisions of Act No. 183. At the same time,
     Plaintiff appeared in Deed No. 83 as the owner of
     the "**CONSERVATION EASEMENT** in favor of **THE TRUST**
     for the main purpose of protecting and conserving
     the natural value of the Finca Gulín Conservation
     Easement . . ." (Docket Nos. 34-2 at 4; 51-1 at 6
     ¶ 10). (emphasis in the original).

4.   At the time of execution of Deed No. 83 the property
     was encumbered by the following mortgages:

     a. Mortgage as security for a promissory note
     in favor of the United States of America
     acting through Farmers Home, in the sum of two
     hundred seventy-six thousand dollars
     ($276,000.00);

     b. Mortgage as a guarantee of a promissory
     note in favor of the Bearer, or to its order,

for the sum of thirty-nine thousand dollars
($39,000.00); and

c. Mortgage as a guarantee of a promissory
note in favor of the Ceiba Economic
Development Corporation, or to its order, for
the sum of thirty-five thousand dollars
($35,000.00).

(Docket No. 34-2 at 3-4; 51-1 at 10 ¶ 17).

5.   The Third Clause of Deed No. 83 states:

**THE TRUST** has among its main goals and
purposes the protection, conservation, and
development of natural resources and areas of
natural value in Puerto Rico, as well as the
protection, conservation, and improvement of
the environment in Puerto Rico. For the
purposes of this Legal Instrument, **THE TRUST**
is duly authorized and qualified to be the
holder of a Conservation Easement, in
accordance with the provisions of Act Number
One Hundred Eighty-three (183) the twenty-
seventh (27th) of December, two thousand one
(2001), as amended, also known as the "Puerto
Rico Conservation Easement Act."

(Docket No. 34-2 at 4) (emphasis in the
original).

6.   The Fourth Clause of Deed No. 83 states:

**FOURTH:** THE OWNER has agreed to establish a
Conservation Easement in the same and hereby
establish a **CONSERVATION EASEMENT** in favor of
**THE TRUST** for the main purpose of protecting
and conserving the natural value of the Finca
Gulín Conservation Easement, which functions
as an ecological corridor towards the buffer
areas of El Yunque. In addition, the Finca
Gulín Conservation Easement is part of a river
corridor that connects, through a network of
streams and rivers at the head of the El Yunque
basins, connecting the Northeast Ecological
Corridor Nature Reserve, the Finca Seven Seas

Nature Reserve and the Las Cabezas de San Juan Nature Reserve.

(Docket Nos. 34-1 ¶ 16; 34-2 at 4; 51-1 ¶ 16). (emphasis in the original).

7. As described in Deed No. 83 at the time of its execution, Plaintiff conducted "a commercial operation on the property consisting of the management of an Eco-tourism operation", consisting "of a main building dedicated to a [seven] room Hotel and accessory facilities."

(Docket No. 34-2 at 5).

8. In Deed No. 83, Plaintiff reserved the right to build three (3) additional cabins, two (2) apartments, and remodeling of the existing structure and for the construction of a three (3) vehicle concrete car garage, for which he already had a permit. (Docket No. 34-2 at 5).

9. The Ninth Clause of Deed No. 83 states:

**NINTH:** In consideration of the pressing importance and interest in the ecological conservation of the aforementioned property, the Conservation Easement constituted herein shall be interpreted, in case of doubt, in such a manner as to favor ecological preservation, in accordance with the conservation purposes expressed in this Legal Document.

(Docket Nos. 34-1 ¶ 17; 34-2 at 8; 51-1 ¶ 17). (emphasis in the original).

10. The Nineteenth Clause of Deed No. 83 states:

**NINETEENTH:** The parties expressly agree to perform all acts necessary to achieve the registration of the aforementioned Conservation Easement, as agreed and stipulated in this Legal Document. The authorizing notary has warned **OWNER** that the certified copy of this Legal Document shall be presented in the Property Registry as soon as

the release of the Puerto Rico Treasury
Department required by law for gifts made in
Puerto Rico is issued, the foregoing is a
requirement to grant tax credits. In order to
obtain the waiver, OWNER must prove that his
tax obligations are up to date, including the
contributions for real property. OWNER is
negotiating an exoneration before the
Municipal Income Center and will show the
balance of any debt after this act.

(Docket No. 34-2 at 10). (emphasis in the
original).

11. The Twentieth Clause of Deed No. 83 states:

**TWENTIETH: THE TRUST** does not guarantee to the
donor, nor does it make any representation,
with respect to the decisions that the
Treasury Department or the Center for the
Collection of Municipal Revenues (CRIM) may
make, regarding its respective requests for
exemption, exoneration or tax credits, in
accordance with the Puerto Rico Conservation
Easement Act, because these decisions are not
in the hands of **THE TRUST.**

(Docket No. 34-1 ¶ 18; 34-2 at 10-11; 51-1 ¶
18). (emphasis in the original).

12. The "advisements, acceptance and execution" clause
of Deed No. 83 reads as follows:

**ADVISEMEMENTS, ACCEPTANCE AND EXECUTION**

The appearing parties state that they are
aware that this Legal Document has been
prepared based on the title study dated
November sixth (6th), two thousand thirteen
(2013), for property number 847, in Luquillo,
in the Fajardo Land Registry, conducted by
"Lord Title Service Co. (an independent
company dedicated to conducting title studies)
and at the request of **THE TRUST.** The appearing
parties acknowledge having been advised of the
scope and meaning of said title study, and
have deemed updating it unnecessary, since

they understand that it faithfully reflects
the present registry reality of said property.
For these purposes, they release this notary
of all legal responsibility for any change in
title, or additional encumbrance or lien that
may appear in the Property Registry.

The appearing parties were advised by this
Notary, about their right to obtain a Debt
Certification in the Municipal Revenue
Collection Center (CRIM) relating to said
property, which they understood to be
unnecessary when obtaining the aforementioned
Statement of Account, thus, for these
purposes, this Notary Public is released of
all liability.

The appearing parties were advised by this
Notary, about their legal obligations to
comply with the provisions of the Act related
to Flood Prone Areas, of the Regulation on
Flood Prone Areas Flooding, and the Federal
Law for the Reduction of Risks Caused by Lead-
Based Paint; therefore, they undertake to
faithfully comply with these, and for these
purposes they release this Notary of all
liability.

The appearing parties ACCEPT this Legal
Instrument, as drafted, finding it true to
their instructions and wishes, after I, the
Notary, have given them the pertinent legal
admonishments.

The appearing parties so state and execute
this document, after having waived their right
to require the presence of instrumental
witnesses, as they do not understand this to
be necessary.

The appearing parties read this Legal
Instrument, which then was read aloud by the
authorizing Notary; they ratified and signed
it before me, the Notary, and everything that
is consigned above in this public instrument,
I ATTEST.

Civil No. 22-01256(GMM)
Page -15-

        (Docket No. 34-2 at 11-12). (emphasis in the
        original).

## IV.  APPLICABLE LAW

### A.  Interpretation of the Contract

The substantive law of Puerto Rico governs the instant
diversity action based on Puerto Rican contract law. Erie R.R. v.
Tompkins, 304 U.S. 64, 78 (1938); *see also* Suero-Algarín v. CMT
Hospital Hima San Pablo Caguas, 957 F.3d 30 (1st Cir. 2020). When
interpreting state law, federal courts employ the method and
approach promulgated by the state's highest court. *See* Nat'l
Pharmacies, Inc. v. Feliciano-de-Melecio, 221 F.3d 235, 241-42
(1st Cir.2000). The Civil Code of Puerto Rico of 1930, as amended,
applies to the facts of this case. Thereby, the interpretation of
this contract is governed by the substantive law set forth in
Articles 1233 and 1234 of the Civil Code of Puerto Rico. *See*
Borschow Hosp. & Medical v. Castillo, 96 F.3d 10, 15 (1st Cir.
1996); *see also* Hopgood v. Merrill Lynch, Pierce, Fenner & Smith,
839 F.Supp. 98, 104 (D.P.R. 1993); Marina Industrial., Inc. v. Brown
Boveri Corp., 114 P.R. Dec. 64, 72 (1983). Articles 1233 and 1234
provide: "If the terms of a contract are clear and leave no doubt
as to the intentions of the contracting parties, the literal sense
of its stipulations shall be observed. If the words should appear
contrary to the evident intention of the contracting parties, the
intention shall prevail." P.R. Laws Ann. tit. 31, sec. 3472.

Civil No. 22-01256(GMM)
Page -16-

The First Circuit, citing Marina Industrial., has consistently stated that Article 1233 is strict in its mandate that courts should enforce the literal sense of a written contract, unless the words are somehow contrary to the intent of the parties. Borschow Hosp. & Medical v. Castillo, 96 F.3d. at 15 (1st Cir. 1996); Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F.Supp. at 104 (D.P.R.1993) (citing Marina Ind. Inc. v. Brown Boveri Corp., 114 P.R. Dec. at 72 (1983)). This Circuit, interpreting Article 1233 in tandem with Puerto Rico's parol evidence rule requires courts "to ignore [parol] evidence 'when the agreement. . .is clear and unambiguous.'" Borschow Hosp. & Medical v. Castillo, 96 F.3d. at 15 (citing Mercado-Garcia v. Ponce Fed. Bank, 979 F.2d 890, 894 (1st Cir. 1992)). However, this requirement only applies when the agreement is "clear and unambiguous." When the document leaves doubts as to the intentions of the parties, the court must look beyond the plain text of the contract. See Catullo v. Metzner, 834 F.2d 1075, 1079-80 (1st Cir. 1987) (holding that the Puerto Rico Rules of Evidence exclude extrinsic evidence concerning the terms of an agreement only when the agreement is clear and unambiguous). "The only terms which can be considered to be 'clear' are those which in themselves are sufficiently lucid to be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation, and without requiring for their understanding any

Civil No. 22-01256(GMM)
Page -17-

reasoning or illustration susceptible to challenge." Id. (*citing*

Sucn. Ramirez v. Tribunal Superior*,* 81 P.R. Dec. 357, 351 (1959)).

Therefore, the Court may only consider extrinsic evidence

regarding the contracting parties' intent when asked to interpret

vague and or unclear contractual language. *See e.g.* Borschow 96

F.3d at 16 ("For the third time, we mean what we say, and we say

what we mean: extrinsic evidence of the parties' intent is

inadmissible in the face of a clear and unambiguous contract term

under Puerto Rico Law."); Rivera-Molina v. Casa La Roca, LLC, Civ.

No. 21-1004 (SCC), 2023 WL 2585814, at *3 (D.P.R. Mar. 21, 2023).

B.   The Validity of the Contract

"Under Puerto Rico law, a contract has three elements:

consent, a definitive (and legal) object, and consideration."

Citibank Global Markets, Inc. v. Rodríguez Santana, 573 F.3d 17,

24 (1st Cir. 2009) (*citing* 31 L.P.R.A. § 3391; Quiñones López v.

Manzano Pozas, 141 D.P.R. 139, 1996 P.R.-Eng. 499244 (P.R. 1996)).

"Moreover, the Puerto Rico Supreme Court has noted the important

social interest in holding parties to their contracts, and

therefore the "validity of [a] contract and of the consent is

presumed." Citibank Glob. Markets, Inc. v. Rodriguez Santana, 573

F.3d 17, 24 (1st Cir. 2009) (*citing* Capo Caballero v. Ramos, 83

D.P.R. 650, 1961 WL 13778 (1961)).

"Consent is shown by the concurrence of the offer and

acceptance of the thing and the cause which are to constitute the

contract." <u>Marrero-García v. Irizarry</u>, 33 F.3d 117, 122 (1st Cir.1994) (*citing* P.R. Laws Ann. tit. 31, § 3401). Under Puerto Rico law, the consent of the contracting parties is an essential element of a contract. P.R. Laws Ann., tit. 31, § 3391. "Consent is shown by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." P.R. Laws Ann. tit. 31, § 3401.

The object of the includes "[a]ll things, even future ones, which are not out of the commerce of man" and "[a]ll services not contrary to law or to good morals. . ." P.R. Laws Ann. tit. 31, § 3421; *see also* <u>Bianchi-Montana v. Crucci-Silva</u>, 720 F.Supp.2d 159, 166 (D.P.R. 2010). Similarly, consideration "encompasses almost any motivation a person might have for entering into a binding agreement." <u>P.R. Elec. Power Auth. v. Action Refund</u>, 483 F.Supp.2d 153, 158 (D.P.R. 2007) (*citing* <u>Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.</u>, 954 F.Supp. 438, 449 (D.P.R. 1996)). Thus, "[i]n order for a contract to have valid consideration, the contract must be a bargained-for exchange in which there is a legal detriment of the promise or a corresponding benefit to the promisor." <u>P.R. Elec. Power Auth. V. Action Refund</u>, 472 F.Supp.2d 133, 137-38 (D.P.R. 2006) (*citing* <u>Neuhoff v. Marvin Lumber & Cedar Co.</u>, 370 F.3d 197, 201 (1st Cir. 2004)). "A contract is made upon a 'consideration' when something is done, forborne, suffered, or undertaken by one party at the request of another, which is made

the foundation of the promise of that other." <u>Action Refund</u>, 472 F.Supp.2d at 137–38. Furthermore, it is black letter law that a contract with no consideration or cause, or a contract with consideration or cause that is illicit, has no effect whatsoever. *See* <u>Actions Refund</u>, 472 F.Supp.2d 133; *see also* P.R. Laws Ann., tit. 31 § 3432. Consideration "is illicit when it is contrary to law and good morals." P.R. Laws Ann., tit. 31 § 3432. Consideration is assumed to be lawful unless proven otherwise. <u>Id.</u> § 3434.

## V.   DISCUSSION

Deed No. 83 is the instrument through which Plaintiff established a conservation easement, in favor of the Fideicomiso. (Docket No. 34-2). Therefore, as this Court stated in its *Memorandum and Order* at Docket No. 43, Deed No. 83 is the heart of this dispute.

Defendant contends that Deed No. 83 is unambiguous, and its consideration is apparent. On the other hand, Plaintiff posits that his principal consideration when he entered the Deed "was the obtention of the tax credits and the financial benefits that these represented to him." (Docket No. 51 at 14). He adds that he "was never told, nor warned, that the commercial operation of "El Hotelito, a Rainforest Experience" in the property was incompatible with the provisions of the "Puerto Rico Conservation Easement Act" and that a perpetual easement could not exist because of the prior mortgages." (<u>Id.</u>). Therefore, Plaintiff claims that

Civil No. 22-01256(GMM)
Page -20-

Deed No. 83 is radically null because of his "lack of consent when he agreed to the obligation, as well as lack of consideration in the contractual transaction." (Id. at 14-15).

To this extent, Plaintiff argues he "agreed to the creation of the easement in Fideicomiso's favor, only after being 'convinced' by the Fideicomiso that his property qualified under the 'Puerto Rico Conservation Easement Act' for tax credits in exchange for the creation of a 'perpetual conservation easement' in Fideicomiso's favor." (Id. at 17). Plaintiff further claims that the cause of Deed No. 83 is the receipt of the tax credits. Since the property never qualified for such credits, he concludes that there is no contractual cause. (Id. at 22).

Firstly, the Court addresses Plaintiff's arguments regarding Deed No. 83's alleged radical nullity due to lack of consent. Plaintiff incorrectly reasons that the Court's determination regarding the contract annulment claim in its *Memorandum and Order* on Defendant's Motion to Dismiss is non-binding *dicta*. The Court's prior ruling is the law of the case. In its *Memorandum and Order* at Docket No. 19, the Court held that Plaintiff's claims for radical nullity of Deed No. 83 for lack of consent due to deceit or *dolo* are time barred by the applicable statute of limitations.[1]

---

[1] Although Plaintiff claims that he never asserted in the Complaint a cause of action to annul the deed premised on lack of consent due to substantial *dolus* at the contracting phase, the fact is that the Complaint contains multiple allegations regarding deceit and fraud imputed to the Fideicomiso. *See e.g.*

Civil No. 22-01256(GMM)
Page -21-

In fact, this Court reiterated this ruling in its *Memorandum and Order* at Docket No. 40, when it determined that "the only remaining issue before this Court is whether legal consideration exists."

As to the object and consideration of Deed No. 83, this Court is bound to interpret the contract under Puerto Rican substantive law. Since Deed No. 83 was entered in 2013, the Civil Code of Puerto Rico of 1930, as amended, applies. Thereto, the interpretation of a contract is a substantive area of the law which is governed by Articles 1233 and 1234 of the Civil Code of Puerto Rico. *See* Borschow, 96 F.3d at 15.

It is uncontested that Plaintiff and Fideicomiso signed and executed Deed No. 83 on November 20, 2013. Plaintiff did not rebut Defendant's contention that the contract is unambiguous. Plaintiff also never argued that Deed No. 83 is ambiguous. Thus, in interpreting Deed No. 83, we begin with its terms. Unless those are unclear, the Court cannot consider any extrinsic evidence of the parties' intent.

By way of Deed No. 83, Plaintiff constituted, granted, and donated to the Fideicomiso a perpetual conservation easement over the property known as "Finca Gulin." Specifically, the Fourth Clause of Deed No. 83 contains both the object and consideration

---

"Because of the Trust's deceit and fraud, Mr. Benítez was never able to obtain the estimated $750,000.00 in tax credits promised and represented by the Trust that he would obtain from the easement's creation." (Docket No. 1 ¶ 25).

Civil No. 22-01256(GMM)
Page -22-

when it establishes that Plaintiff donated and granted the
perpetual conservation easement for the purpose of having the
Fideicomiso preserve Finca Gulin's natural resources, and its
environmental and ecological value. The same clause indicates that
Plaintiff constituted and granted the perpetual easement in favor
of Fideicomiso for the principal purpose of protecting and
preserving Finca Gulin's natural value, as said property is an
ecological corridor that leads to El Yunque Rainforest's system of
river and streams and is located adjacent to several recognized
natural reserves. For clarity purposes, the Fourth Clause of Deed
No. 83 reads as follows:

> FOURTH: THE OWNER has agreed to establish a
> Conservation Easement in the same and hereby
> establish a CONSERVATION EASEMENT in favor of
> THE TRUST <u>for the main purpose of protecting
> and conserving the natural value of the Finca
> Gulín Conservation Easement, which functions
> as an ecological corridor towards the buffer
> areas of El Yunque</u>. In addition, the Finca
> Gulín Conservation Easement is part of a river
> corridor that connects, through a network of
> streams and rivers at the head of the El Yunque
> basins, connecting the Northeast Ecological
> Corridor Nature Reserve, the Finca Seven Seas
> Nature Reserve and the Las Cabezas de San Juan
> Nature Reserve.

(Docket No. 34-2 at 4) (emphasis added).

To that extent, Deed No. 83 sets forth a series of terms and
conditions to which the conservation easement on the property is
subject. These terms indicate what uses and activities are allowed

on the property at issue so as not to undermine the easement's purpose of conservation. (Docket No. 34-2 at 4-8). Accordingly, Deed No. 83 states: "The TRUST will allow other uses requested by the Owners that do not have a negative impact on the achievement of the conservation purposes of the easement." (Id. at 5).

Correspondingly, the Ninth Clause of Deed No. 83 states:

> NINTH: In consideration of the pressing importance and interest in the ecological conservation of the aforementioned property, the Conservation Easement constituted herein shall be interpreted, in case of doubt, in such a manner as to favor ecological preservation, in accordance with the conservation purposes expressed in this Legal Document.

(Docket No. 34-2 at 8) (emphasis added). The Ninth clause reiterates that the easements' cause is to establish a conservation easement and the consideration is the preservation of Finca Guilin's ecological value and resources. To that extent, the Court finds that Deed No. 83 is clear and unambiguous. The Court is, accordingly, legally barred from inquiring into the contracting parties' intent. Undoubtedly, Deed No. 83's clear and unambiguous language establishes that the contract's consideration is preserving the property's ecological value, as allowed by the allowed Act No. 183. *See* P.R. Laws Ann., tit. 12 § 785d.[2]

---

[2] The conservation easement may be constituted for the following purposes, among others:
(a) Preserve the natural, agricultural, forest or scenic attributes of a property or open space conditions.

Civil No. 22-01256(GMM)
Page -24-

Moreover, contrary to Plaintiff's averments, the Court finds that the obtention of the tax credits provided by Act No. 183 <u>is not</u> Deed No. 83's consideration. In fact, the tax credits are <u>only</u> mentioned in the Nineteenth and Twentieth Clauses of Deed No. 83 for the purpose of clarifying that: (1) Plaintiff must comply with certain requirements before the tax credits can be granted by the Puerto Rico Treasury Department; and (2) that decisions regarding the exemption, exoneration, or tax credits in accordance with Act No. 183 lay exclusively in the Puerto Rico Treasury Department's hands.

The Twentieth Clause of Deed No. 183 clearly establishes that the Fideicomiso was not guaranteeing —nor could guarantee— that Plaintiff would obtain the tax credits provided by Act No. 183, since that decision falls within the discretion of the Puerto Rico Treasury Department. Specifically, the Twentieth Clause states:

> THE TRUST <u>does not guarantee to the donor, nor does it make any representation</u>, with respect to the decisions that the Treasury Department or the Center for the Collection of Municipal Revenues (CRIM) **may make, regarding its respective requests for exemption, exoneration or tax credits, in accordance with the Puerto Rico Conservation Easement Act, <u>because these decisions are not in the hands of THE TRUST</u>**.

---

(b) Protect hydrographic basins.
(c) Maintain or enhance the quality of air or water.
(d) Preserve properties with a cultural value.
(e) Preserve properties with agricultural value.

(Docket No. 34-2 at 10-11) (emphasis added). Such clause is consistent with the dispositions of Act No. 183. The Act expressly provides that the obtention of tax credits is conditioned on the donor's compliance with the compulsory documentation and other statutory requirements. Moreover, pursuant to the Act the Secretary of the Department of Treasury is the only person with the power to determine whether to grant the tax credits. *See* P.R. Laws Ann., tit. 12 § 785m-1. ("The Secretary of the Treasury shall be the sole person authorized to establish the value of the conservation easement or of the eligible land which shall be used as a basis to determine the maximum amount of credit.")

The Court also considers the text of Act No. 183, as amended by Act No. 127-2011, which was the last amendment to the law at the time Deed No. 83 was entered (2013). The first step of statutory interpretation and discerning the intent of the legislature is to look to the plain language of the statute. If the language is clear, then the job of the court is complete. *See* Bostock v. Clayton County, Georgia, 140 S. Ct. 1731, 1750 (2020) ("This Court has explained many times over many years that, when the meaning of the statute's terms is plain, our job is at an end. The people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration.").

Civil No. 22-01256(GMM)
Page -26-

Act No. 183, as amended by Act No. 127-2011 "was created to achieve collaboration between the private sector, not-for-profit organizations and the Government of Puerto Rico, in order to foster the conservation of areas of natural or cultural value, by means of establishing conservation easements in perpetuity." (Docket No. 49-3 at 1). A conservation easement as defined by Act No. 183 is a "a lien imposed on real property in benefit of a person or a lot, which imposes obligations, rights and limitations on the land and its owner for the purpose of protecting and preserving areas of natural value or a property of cultural or agricultural value." P.R. Laws Ann. tit. 12 § 785a.

Furthermore, Act No. 183, as amended[3], states that the law "can serve as a mechanism to motivate a property owner to voluntarily grant a conservation easement in exchange for a tax incentive." (Docket No. 49-1 at 1). Thus, Act No. 183 clearly provides that the concession of tax credits was enacted "to foster the establishment of conservation easements". (Id.). Act No. 183 explains that "[t]hrough this incentive, a tax credit is granted to the natural or juridical person who donates the conservation easement or the eligible land to a government entity or a not-for-profit organization engaged in environmental conservation." (Id.) To that extent, Article 16 of Act No. 183 dictates that

---

[3] As amended by Act No. 138-2004.

Civil No. 22-01256(GMM)
Page -27-

> (a)  A  conservation  easement  that  resulted  from  a
> donation  will  receive  the  tax  benefits  granted
> hereunder,  when  one  of  the  following  requirements  is
> met:
>
> (1)  The  property  is  included  within  the  inventory  of  the
> Natural  Patrimony  Program  of  the  Department  of  Natural
> and  Environmental  Resources,  or  has  been  certified  by
> the  Secretary  of  said  agency  as  a  property  of  important
> natural  value.
>
> (2)  The  property  is  included  within  the  Institute  of
> Puerto  Rican  Culture's  inventory  of  real  estate  with
> cultural  value,  or  has  been  certified  as  culturally
> valuable  by  the  aforementioned  entity.
>
> (3)  The  property  is  deemed  and  certified  of  important
> natural  value  for  the  conservation  of  the  environment  by
> the  Conservation  Trust  of  Puerto  Rico.
>
> b)  In addition to the above-stated, in order to receive
> the  tax  benefits  granted  hereunder  for  a  property  or
> land  where  a  conservation  easement  has  been  established,
> the  Department  of  the  Treasury  must  be  provided  with  a
> copy,  and  all  supporting  documents,  of  the
> certifications  granted  by  the  above-stated  entities,
> certifying  compliance  with  the  provisions  established
> hereto. . .

(Docket No. 49-3 at 2) (emphasis added). Moreover, as to the use
and availability of the tax credits, Article 17 of Act. No. 183
decrees that "[a]ny donor interested in obtaining a credit must
request a certification. . .from the Secretary of the Treasury,
through the duly filing of a request" and that the approval of
such certification is conditioned on "the donor's compliance with
the requirements established through regulation by the Secretary
of the Treasury." (Id. at 3).

The plain text of Act No. 183, as amended, reflects that it encourages conservation easements through tax exemptions or credits. Yet, it is evident that the exclusive purpose of the statute is to promote environmental conservation. Of course, the benefit to the landowner is that he <u>may</u> receive tax credits.

Here, Plaintiff avers that Deed No. 83 is null because the Puerto Rico Department of Treasury denied the tax credits. Specifically, Plaintiff argues that the Puerto Rico Department of Treasury refused to grant the tax credits because: (1) the existing mortgages needed to be paid in full; (2) the agency required a statement from the Appraiser's Board of Examiners attesting whether the parties' retained appraiser needed to be registered in Puerto Rico; and (3) that it "rejected the Fideicomiso's certification dated December 8, 2014, regarding the ecological value of the property and wanted further clarification on how the commercial activity being undertaken at the property does not affect (i) the natural attribute, agricultural, scenic forest or open space of the property; (ii) the protection of the hydrographic basin; and (iii) maintaining the air and water quality of the terrain." (Docket No. 51 at 12-13).

As is evident in the plain text of Act No. 183, Plaintiff was obliged to comply with a series of requirements to qualify for the tax credit. Moreover, by no means does Act No. 183 guarantee that a tax credit or exemption will be automatically granted once the

conservation easement is entered. On the contrary, the statute requires the Puerto Rico Treasury Department to verify compliance with certain requirements prior to granting any tax credit.

While the Court understands Plaintiff's disappointment with the Puerto Rico Treasury Department's denial of the tax credit, it is not illegal, and does not render Deed No. 83 null. After all, a conservation easement is a <u>voluntary</u> legal agreement that limits the use of a property to protect and conserve its natural cultural or agricultural worth.

Deed No. 83's consideration is legal and in compliance with the requirements established in Act No. 183. Notably, the Act was created for the <u>purpose</u> of facilitating collaboration between the private sector, non-profit organizations, and the Government to foster the conservation of areas of natural, cultural, or agricultural value through the establishment of conservation easements.

Moreover, the terms and conditions of Deed No. 83 are clear and unambiguous. Hence, this Court cannot consider any extrinsic evidence regarding the contracting parties' intent. Deed No. 83 is a valid contract and Plaintiff's remaining claim for radical nullity fails as a matter of law and must be dismissed.

Civil No. 22-01256(GMM)
Page -30-

## VI.  CONCLUSION

For the reasons stated above, Defendant's *Motion for Summary Judgment* is **GRANTED.** Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, March 26, 2024.


s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE